UNITED STATES, Appellee

v

GERALD C. BURKHALTER, Airman Third Class, U. S. Air Force, Appellant

17 USCMA 266, 38 CMR 64

No. 20,257

November 9, 1967

Captain *John T. Dorman* argued the cause for Appellant, Accused. With him on the brief were Colonel *Dwight R. Rowland* and Lieutenant Colonel *Carl R. Abrams*.

Lieutenant Colonel *Harry O. Hinz* argued the cause for Appellee, United States. With him on the brief was Colonel *James R. Thorn*.

## Opinion of the Court

FERGUSON, Judge:

Tried before a general court-martial convened at Scott Air Force Base, Illinois, by the Commanding Officer, 375th Aeromedical Airlift Wing (MAC), the accused was convicted of drawing a weapon against his superior officer, robbery, assault with a dangerous weapon, and assaulting an Air Policeman, in violation, respectively, of Uniform Code of Military Justice, Articles 90, 122, 128, and 134, 10 USC §§ 890, 922, 928, 934. He was sentenced to bad-conduct discharge, forfeiture of $40.00 per month for 24 months, and confinement at hard labor for two years. Intermediate appellate authorities affirmed, and we granted accused's petition for review upon the single issue:

"THE FAILURE OF THE COURT TO SUSTAIN THE CHALLENGE FOR CAUSE OF LIEUTENANT EUGENE W. KIPP WAS PREJUDICIAL ERROR."

I

As a matter of background, it appears that the accused commenced the course of violence which led to the charges against him at Belleville Air Force Station, Illinois, by disarming guards, threatening certain superior officers, and thereafter departing the station, heavily armed, in an automobile. He was apprehended by civilian officers at a State Police roadblock. It is also apparent that the incident attracted attention from the press.

First Lieutenant Eugene W. Kipp was appointed by the convening authority as a member of the court. During the challenging proceedings, Lieutenant Kipp announced, "I have previous knowledge of this case." Upon questioning, it was developed that Kipp obtained his knowledge through performance of his official duties and that he had neither formed nor expressed an opinion in the case. As to whether the information he had would affect his judgment, Kipp replied, "I don't think so. I don't think it would prejudice me."

It further appeared that Lieutenant Kipp was assigned to the Information Office; that, in the performance of his duties as an Information Officer, he

**267**

obtained a knowledge of the case in sufficient detail to "disseminate the information concerning these offenses to the general public." He was involved in the "newspaper release in response to press queries," and gained his information from what was told him by others.

Kipp stated it was his duty to gather facts to give to the press in sufficient detail to answer the reporters' requests and the extent of the investigation required "depends upon what you mean by complete."

Defense counsel challenged Lieutenant Kipp for cause. The law officer submitted the issue to the court-martial on instructions which caused it, basically, to decide the question whether the member was able to reach an impartial verdict and sentence, based on the evidence in court, and follow the instructions given him by the law officer on the law. The court did not sustain the challenge, and the defense counsel exercised his peremptory challenge against another member.

## II

Neither the accused nor the Government is entitled to a favorably disposed court member. Both, however, are entitled to have the issue joined between the United States and the defendant heard by members who stand indifferent between the sovereign and the individual arraigned at the bar. United States v Carver, 6 USCMA 258, 19 CMR 384. Consonant with that basic principle, Congress has wisely excluded certain individuals from eligibility for membership on courts-martial. Thus, Code, supra, Article 25, 10 USC § 825, provides pertinently:

". . . No member of an armed force is eligible to serve as a member of a general or special court-martial when he is the accuser or a witness for the prosecution *or has acted as investigating officer or as counsel in the same case.*" [Emphasis supplied.]

The term "investigating officer" as used in the Article is not limited to

the individual appointed to conduct the formal pretrial investigation under the provisions of Code, supra, Article 32, 10 USC § 832. It also extends to "any other person who . . . has conducted a personal investigation of a general matter involving the particular offense." Manual for Courts-Martial, United States, 1951, paragraph 64. To the same effect, see United States v Lee, 1 USCMA 212, 2 CMR 118, and United States v Bound, 1 USCMA 224, 2 CMR 130.

Thus, in the *Bound* case, we held that an officer who, as the security watch, investigated an incident giving rise to the charges against the accused, was an "investigating officer" within the sense of Code, supra, Article 25, and paragraph 64 of the Manual. "There is," we said, "simply no logical escape from the conclusion that Lieutenant May conducted a personal investigation into the facts of Bound's offense, and that by virtue of this action he was an 'investigating officer.' " United States v Bound, supra, at page 227.

In like manner, we must reach a similar conclusion regarding Lieutenant Kipp. As an Information Officer, he was required in the course of his official duties to gather the alleged facts from other individuals concerned; formulate answers to press inquiries; and make the press releases in the case. See Air Force Regulations 190–6, March 29, 1966, paragraph 10. As in *Bound,* supra, there is "no logical escape from the conclusion" that he thereby officially investigated the case against accused and, thus, constituted himself an "investigating officer." As such, it was the duty of the law officer to excuse him forthwith. Manual, supra, paragraph 62*f*; United States v Bound, supra; United States v Strong, 31 CMR 629; cf. United States v Jones, 7 USCMA 283, 22 CMR 73.

From the foregoing, it is obvious that the challenge should have been sustained. There is likewise a fair risk that the failure to do so was prejudicial. United States v Bound, supra. The accused pleaded not guilty and, as

268

we have noted, was entitled to a trial before qualified and impartial fact finders. United States v Carver, supra. Lieutenant Kipp's pretrial activity and his uncertainty as to whether knowledge thus gained outside the courtroom, as well as his active participation in questioning while serving as a member, combine to indicate the accused did not receive the hearing to which he was entitled under the Code. As a result, reversal is required.

The decision of the board of review is reversed and the record of trial is returned to the Judge Advocate General of the Air Force. A rehearing may be ordered.

Chief Judge QUINN and Judge KILDAY concur.