**UNITED STATES, Appellee,**

v.

**Willie J. HEAD, Private, U. S. Marine Corps, Appellant.**

No. 31,689.
NCM 75–1137.

U. S. Court of Military Appeals.

March 2, 1977.

Lieutenant *Alan E. Sherman*, JAGC, USNR, argued the cause for Appellant, Accused.

Captain *W. D. Blalock*, USMCR, argued the cause for Appellee, United States. With him on the brief was Lieutenant Colonel *P. N. Kress*, USMC.

Opinion of the Court

COOK, Judge:

On this appeal, the accused challenges the qualifications of the trial judge to act in his case.

Judge O'Hare, sitting as a special court-martial without members, found the accused guilty of three of four acts of misconduct, alleged as violations of Article 91, Uniform Code of Military Justice, 10 U.S.C. § 891. All the offenses had been committed on November 18, 1974. During the sentence part of the trial, Government counsel offered into evidence an extract from the accused's record book to show a previous conviction on March 4, 1974, by a special court-martial for an unauthorized absence that had terminated on January 8, 1974. The adjudged sentence included a bad-conduct discharge. As the extract did not indicate that the conviction was final so as to be entitled to be admitted into evidence under paragraph 75b(2), Manual for Courts-Martial, United States, 1969 (Rev.), Judge O'Hare refused to accept it as evidence "without further proof" of finality. Thereupon, Government counsel presented testimony as to the file of the case that was maintained as part of the records of the legal office of the command. The file included a verbatim transcript of the trial proceedings. Other documents in it established that the accused had been served with a copy of the decision of the Court of Military Review affirming the conviction and sentence, and other evidence indicated the accused had "not appealed" his conviction to this Court. On this showing, Judge O'Hare admitted into evidence the extract from the accused's service record and the legal office file, as prosecution exhibits 2 and 5, respectively. In due course, court was closed to allow the judge to "deliberate as to sentence." On the reopening of court, Judge O'Hare remarked that he had examined prosecution exhibit 5 and had been "reminded" that he had acted as trial counsel in the previous case. He stated that he had "no recollection of the facts" of that case and his "decision today" was unaffected by it.

■ A judge can be disqualified from sitting in a case upon both constitutional and statutory grounds. *Ward v. Monroeville*, 409 U.S. 57, 93 S.Ct. 80, 34 L.Ed.2d 267 (1972); *United States v. Sciuto*, 531 F.2d 842 (7th Cir. 1976). Statutory provisions frequently enumerate exemplifications of the constitutional disqualification, but they may also specify additional bases for recusal. In the military, a person otherwise qualified as a judge is ineligible to serve in a given case if he is "the accuser or a witness for the prosecution or has acted as investigating officer or a counsel in the same case." Article 26(d), UCMJ, 10 U.S.C. § 826(d). Further bases of disqualification

are subsumed in paragraph 62f(13) of the Manual under the rubric that the judge should not sit "in the interest of having the trial and subsequent proceedings free from substantial doubt as to legality, fairness, and impartiality." Included in the examples of this class is previous participation "as counsel in the trial of a closely related case". Id.; see United States v. Jarvis, 22 U.S.C.M.A. 260, 46 C.M.R. 260 (1973).

█ Appellate defense counsel contend that Judge O'Hare was disqualified for two reasons: (1) he "might have authenticated" the record of trial or some other Government exhibit in the previous case, and, thereby, he became a witness for the prosecution; and (2) his role as trial counsel in the earlier case brought him within the scope of the "policy" of the "substantial doubt" provision of paragraph 62f(13) of the Manual. The supposition that Judge O'Hare was a witness in the earlier case is refuted by the record of that case, a certified copy of which is before us on this appeal. But more importantly, the witness disqualification provision of Article 26 is that the judge is a witness at the trial in which he is acting as the trial judge. At this trial, Judge O'Hare was not a prosecution witness. His only connection in this case with the extract from the accused's service record and legal office file of the earlier court-martial of the accused was his ruling on their admissibility as evidence of previous conviction. The fact that the file showed he had prosecuted the accused did not transmute his judicial action at the instant trial into a testimonial one.

█ Although disclaiming a purpose to challenge Judge O'Hare's continuation in the case "solely because he had prosecuted appellant in a former case," appellate defense counsel nonetheless insist that the judge was disqualified because he had been "a former prosecutor, [who] had successfully obtained a conviction against the accused and was subsequently required to consider the result of his own handiwork in determining an appropriate sentence." By no stretch of the imagination can it be said that the earlier case is so "closely related"

to the instant case as to have made Judge O'Hare subject to disqualification under paragraph 62f, MCM. The nature of the offenses in both cases and their times of commission are entirely different; and the respective proceedings occurred almost a year apart. It is well settled that a trial judge is not disqualified because, before he became a judge, he had been the Government prosecutor in a different case in which the accused was a defendant. That principle applies whether the earlier prosecution resulted in acquittal or in conviction. United States ex rel. Fletcher v. Maroney, 280 F.Supp. 277 (W.D.Pa.1968), cert. denied, 393 U.S. 873, 89 S.Ct. 164, 21 L.Ed.2d 142 (1968); Goodspeed v. Beto, 341 F.2d 908 (5th Cir. 1965); cf. United States v. Vasilick, 160 F.2d 631 (3d Cir. 1947). In United States v. Hurt, 9 U.S.C.M.A. 735, 754, 27 C.M.R. 3, 22 (1958), this Court commented on the general rule as follows:

> Common sense tell us, and the law recognizes, that not every relationship between the judge and a party or his counsel is disqualifying. Some associations are so remote or so patently tenuous as to preclude any suggestion of impropriety. . . . A ready example is that of the district attorney who is appointed a judge. The fact that he represented the Government as district attorney does not stamp him so "government-minded" as to disqualify him from sitting generally in cases in which the Government is a party, as distinguished from a specific case in which he had previously acted as district attorney.

> . . . . .

> In the military, the problem of disqualifying relationships must be considered in light of the fact that the "judges" and the lawyers are, for the most part, members of a single organization, and are, at all times, subject to assignment to different duties. Thus, the fact that Colonel Lee is a member of the Judge Advocate Corps carries no imputation of partiality towards the Government. The same may be said of the lawyers assigned to the Appellate Defense Division in the office of The Judge Advocate General.

> . . . . .

It is common knowledge, and the cases that have come before us show, that members of the Judge Advocate General Corps are called upon to serve in various capacities in administration of the courts-martial system. . . . On occasion, . . . [one] may inadvertently perform incompatible duties in the same case. In such instances . . . [the] later action cannot stand. *United States v. Schuller* . . . [5 U.S.C.M.A. 101, 17 C.M.R. 101 (1954)]; *United States v. Coulter*, 3 U.S.C.M.A. 657, 14 C.M.R. 75 [1954]. But mere change in duty assignment does not imply bias or prejudice. In other words, from the single fact that a Judge Advocate General Corps officer has represented accused for one, two, three, or more months as defense counsel, it cannot reasonably be argued that his association with accused so imbued him with a disposition in favor of accused as to disqualify him from appointment as a law officer in other cases. Similarly, the loyalty of a defense counsel is not suspect merely because he previously served as trial counsel in different and unrelated cases. . . .

 In an attempt to remove this case from the ambit of the general rule, appellate defense counsel suggest that Judge O'Hare ruled on the admissibility of prosecution exhibits 2 and 5 on the basis of his personal knowledge. Indisputably, a judge cannot predicate a judicial determination upon his "own personal knowledge." *In re Murchison*, 349 U.S. 133, 138, 75 S.Ct. 623, 99 L.Ed. 942 (1955). *See also* ABA Code of Judicial Conduct, canon 3c(1)(a) (1972). The defense conjecture, however, has no support in the record. The fact of the accused's previous court-martial and the affirmance of his conviction by the Court of Military Review appeared in entries in the extract from the accused's service record. The only impediment to the admission of the extract into evidence was the absence of evidence to indicate either that the accused had been served with a copy of the decision of the Court of Military Review and had not petitioned for further review in this Court, or that this Court had denied

review or had considered and affirmed the conviction. *See* MCM, paragraph 75*b*(2). Prosecution exhibit 5 and the supplementary testimony established that the accused had indeed received a copy of the decision of the Court of Military Review, and that he had not petitioned this Court for review within the time allowed by statute. *See* Article 67(c), UCMJ, 10 U.S.C. § 867(c). None of the evidence was impeached or rebutted by the defense. A reading of the record leaves one with the firm conviction that Judge O'Hare ruled on the admissibility of the exhibits exclusively on the basis of the evidence presented in court. Not a single circumstance even hints at the possibility that he determined a disputed question of fact upon the basis of his personal knowledge.

Viewed from any perspective, we discern no circumstance in the record to disqualify Judge O'Hare from acting in the case. Accordingly, we affirm the decision of the Court of Military Review.

PERRY, Judge (concurring):

I concur with the majority opinion. However, I believe additional comment is appropriate concerning the appellant's argument invoking paragraph 62*f*(13) of the Manual for Courts-Martial, United States, 1969 (Rev.). That subparagraph provides, in part, that among the grounds available for challenges for cause against a military judge are:

Any other facts indicating that he should not sit as a member or military judge in the interest of having the trial and subsequent proceedings free from *substantial doubt* as to legality, fairness, and impartiality. *Examples* of the facts which may constitute grounds for challenge are: . . . that he participated as a member or as counsel in the trial of a closely related case. [Emphasis added.]

Judge Cook disposes of the appellant's assertion in this regard by noting that the prior conviction was not a "closely related case" to the one at bar and, therefore, falls without paragraph 62*f*(13). It is clear,

however, that participation as a member or as counsel in a "closely related case" is only an *example* of facts which may militate in favor of a judge not sitting in order to avoid substantial doubt as to the basic integrity of the proceedings.

More to the point in resolving a claimed transgression of paragraph 62*f*(13) is whether the factor—no matter *what* it is—which is urged as a basis for nonparticipation is one which would create "substantial doubt as to [the] legality, fairness, and impartiality" of the proceedings. Assuming for the moment that a trial judge so situated has a sua sponte duty to recuse himself in the face of such a factor, I do not believe that this judge, who noted his role in the earlier case but who claimed to recall none of the facts involved therein and who insisted that his actions in the current case were unaffected by the earlier one, created *substantial* doubt concerning the trial over which he is presiding. In the absence of some recollection about the merits of the earlier case he knows no more than would any other judge on the bench: that the appellant had a prior court-martial conviction on his record.

Since I find nothing in the record which creates the substantial doubt of concern set forth in paragraph 62*f*(13) of the Manual, I perceive no violation of that provision.

FLETCHER, Chief Judge (dissenting):

I believe Judge Perry's statements as to paragraph 62*f*(13), Manual for Courts-Martial, United States, 1969 (Rev.) are correct. However, I reach an opposite conclusion.

I concern myself with the circumstances requiring recusation, as set forth in ABA Standards, The Function of the Trial Judge § 1.7 (1972), which states:

The trial judge should recuse himself whenever he has any doubt as to his ability to preside impartially in a criminal case or whenever he believes his impartiality can reasonably be questioned.

No judge should participate in a case where his presence gives any taint of partiality; this is certainly true in the area of imposing sentence. I believe the facts here create "substantial doubt as to [the] legality, fairness, and impartiality" of the proceedings. No judge, after the disclosure made in this case, could draw any other conclusion than that "his impartiality can reasonably be questioned." It was.