UNITED STATES, Appellee,

v.

Marion GOODMAN, Jr., Lance Corporal,
U. S. Marine Corps, Appellant.

No. 31,485.

NCM 75–0613.

U. S. Court of Military Appeals.

March 23, 1977.

Lieutenant Alan E. Sherman, JAGC, USNR, argued the cause for Appellant, Accused.

Lieutenant Steven D. Moore, JAGC, USNR, argued the cause for Appellee, United States. With him on the brief was Lieutenant Colonel P. N. Kress, USMC.

Opinion of the Court

COOK, Judge:

▮ Convicted by Judge Martin R. Gilmartin, sitting as a special court-martial, of attempted theft and assault upon Private First Class D. Miranda, U. S. Marine Corps, while Miranda was on duty as a sentinel, the accused now contends that the judge was disqualified from acting in the case and should have recused himself immediately upon disclosure of the disqualifying circumstance.[1]

The trial was held in October 1974. The offenses had been committed and were investigated in August. During testimony by Staff Sergeant Spain, a Criminal Investigation Division (CID) agent, who had apprehended the accused, Judge Gilmartin interrupted to inquire whether the agent had telephoned him in regard to the case on a Sunday morning in August. When the agent acknowledged that he had, the judge noted that he had had no recollection of the conversation until Spain "started testifying" about the offenses. Judge Gilmartin asked Spain to disclose the conversation, and he recounted his own recollection of it. The two accounts differ in detail, but are consistent in substance. From them, it appears that as the chief prosecutor of the area was absent, the agent called Judge Gilmartin for advice. In 1973, he had been assigned to a number of cases in which he had "worked" with Judge Gilmartin, who was then "a prosecutor." The agent was concerned about the "legalities" of a contemplated lineup and whether the lineup

---

1. A second assignment of error raises a question as to the authority of a military judge to suspend the execution of the whole, or part, of a sentence imposed at trial. We recently held that the judge has no authority to suspend. *United States v. Occhi*, 2 M.J. 60 (1976).

should be photographic or physical. The judge advised that a physical lineup was more desirable, but cautioned that as the day was a Sunday, there were likely to be difficulties in obtaining a defense counsel and other persons to participate in the lineup with the suspect.

Trial and defense counsel assured the judge that no evidence "of any lineup" was to be introduced, and that the only evidence of accused's identity as one of the participants in the offenses charged would be that given by Miranda, who had completed his testimony before Spain took the stand. Defense counsel acknowledged the "possibility" of construing the judge's advice to the agent "as government action," but declared that if it constituted a reason for disqualification, "the defense is not going to offer any objection to the Military Judge." Thereupon, the judge ordered a recess to allow counsel the opportunity to talk to Agent Spain "further as to the nature" of the telephone conversation. On resumption of the proceedings, both counsel expressed the view that "the actions taken" by the judge did not constitute grounds for challenge. Judge Gilmartin stated to them and the accused that he would disregard everything he had been told by Agent Spain about the case in the August conversation, and he would determine "the issues . . . on the evidence presented here." Questioning the accused personally about his understanding of the matter and his feelings about it, he was assured by the accused that he had no "hesitancy" in his "own mind" about having the judge continue in the case, and that he "wish[ed] him to continue."

Article 26(d), Uniform Code of Military Justice, 10 U.S.C. § 826(d), provides, in part, that no person "is eligible to act as a military judge" if he "has acted as investigating officer or a counsel in the same case." Almost identical language is contained in Article 25(d)(2), UCMJ, 10 U.S.C. § 825(d)(2), as to the eligibility of a member of the armed forces to sit as a court member. As both articles deal with the same subject matter in regard to per-sons essential to the jurisdictional composition of a court-martial, we have no doubt that the two provisions were intended to have the same meaning and application. *See Wright v. United States,* 2 M.J. 9 (1976). As regards a court member, the Court has held that, although not formally appointed to investigate a case under the provisions of Article 32, UCMJ, 10 U.S.C. § 832, a person can be disqualified as an "investigating officer," if he has conducted "a personal investigation" into the facts. *United States v. Burkhalter,* 17 U.S. C.M.A. 266, 38 C.M.R. 64 (1967); *United States v. Bound,* 1 U.S.C.M.A. 224, 227, 2 C.M.R. 130, 133 (1952). The accused concedes that an isolated instance of the furnishing of legal advice to one who is, in fact, an investigating officer does not constitute the advisor an investigator. *See United States v. Willis,* 22 U.S.C.M.A. 112, 46 C.M.R. 112 (1973); *United States v. Hayes,* 7 U.S.C.M.A. 477, 479–80, 22 C.M.R. 267, 269–70 (1957). Nevertheless, he contends, that, "under the facts of this case," the trial judge was "disqualified as an 'investigator.'" However unwise Judge Gilmartin may have been in not immediately informing Agent Spain that he was now a judge and that Spain should seek the advice he desired elsewhere,[2] his action must be assessed not for its wisdom, but according to its substance and legal consequence. *United States v. Brooks,* 2 M.J. 102 (1977). Scrutiny of the evidence leaves us convinced beyond any doubt that the telephone discussion with Agent Spain did not constitute a "personal investigation" of the facts in regard to the offenses. It follows, therefore, that Judge Gilmartin was not an investigating officer within the meaning of Article 26.

Turning to whether Judge Gilmartin had acted as "a counsel" in the case, we recently reviewed the general principles and need not retrace the ground here. *United States v. Head,* 2 M.J. 131 (1977). The principle of disqualification of a judge because he has previously acted in the same case as counsel for a party is cer-

2. *See* ABA Code of Judicial Conduct, canon 3, adjudicative responsibility A(4) (1972).

tainly clear. The question here is whether Judge Gilmartin had, in fact, acted as Government counsel, although not formally detailed to that position by appropriate order.

 Not every occasion at which a lawyer furnishes legal advice to another establishes an attorney-client relationship between them. We confronted that situation in the context of a trial in *United States v. Payne,* 12 U.S.C.M.A. 455, 31 C.M.R. 41 (1961). There, the trial judge (then known as the law officer) twice advised trial counsel as to the proper procedure to qualify matter for admission into evidence. Considering whether the judge had thereby disqualified himself from continuing to sit in the case, we said:

> Occasional suggestions and recommendations by the law officer to counsel who appear unsure or uncertain of the proper procedure to follow, like the occasional questioning of witnesses, are not unusual in the trial of a case. The mere fact that such assistance or questioning is undertaken does not make the law officer a partisan advocate.

*Id.* at 462, 31 C.M.R. at 48. In *Payne,* the advice was unsolicited; here, it was requested. That difference does not require a different conclusion. The ground of ineligibility specified in Article 26 is not the mere giving of legal advice, but action as "a counsel," which presupposes an attorney-client relationship.

 Central to the establishment of an attorney-client relationship is agreement, express or implied, to effect that status. *United States v. Miller,* 7 U.S.C.M.A. 23, 21 C.M.R. 149 (1956); 7 C.J.S. *Attorney and Client* § 65a (1937). Examples may come readily to mind of situations in which legal advice is provided by a lawyer under circumstances which demonstrate the absence of any purpose to establish the relationship of attorney-client between them. For present purposes, suffice it to say that we doubt any reasonable person would conclude that a prosecuting attorney had acted as counsel to an accused because, at the accused's request, he had told him how to request other than monetary bail from the judge at a hearing at which the accused had waived his right to counsel. Assessing the circumstances in this case, we are convinced that neither Agent Spain nor Judge Gilmartin contemplated establishment of an attorney-client relationship between them, and that no such relationship was created. We are further convinced that Judge Gilmartin's advice did not constitute him "a counsel" for the Government. *Cf. United States v. Renton,* 8 U.S.C.M.A. 697, 702–03, 25 C.M.R. 201, 206–07 (1958) (concurring opinion).[3]

Left for consideration is whether, while not disqualified as an investigating officer or counsel, Judge Gilmartin was nonetheless precluded from continuing in the case. *Renton* is pertinent to the resolution of that question. There, before detail to the court-martial, the trial judge was a member of the command's legal office. Pursuant to appropriate order, he assisted an officer investigating the accused's conduct by drafting the formal charges. At trial, defense counsel challenged the judge for cause, but the challenge was not sustained. Trial continued to conviction and sentence. On appeal, this Court reversed. In part, the Court said:

> We can only look with complete disapproval upon the conduct of a law officer who actively assists the prosecution prior

---

**3.** Our conclusion that Judge Gilmartin had not acted as counsel for the Government makes it unnecessary to decide whether the ineligibility defined in Article 26, Uniform Code of Military Justice, 10 U.S.C. § 826, is limited to action as counsel for the Government, as a party to the proceedings, rather than as counsel to a criminal investigator. *Compare United States v. Renton,* 8 U.S.C.M.A. 697, 702–03, 25 C.M.R. 201, 206–07 (1958) (concurring opinion), *with United States v. Seiffert,* 501 F.2d 974 (5th Cir. 1974). Also, assuming Judge Gilmartin had previously acted as counsel within the meaning of Article 26, we need not consider whether the accused affirmatively waived that disqualification, as held by the Court of Military Review, as an alternative ground to support its conclusion that Judge Gilmartin properly continued to sit in the case. *Compare United States v. Airhart,* 23 U.S.C.M.A. 124, 48 C.M.R. 685 (1974), *with United States v. Vasilick,* 160 F.2d 631 (3d Cir. 1947).

to trial and then subsequently attempts to sit in the case as a disinterested arbiter. Human nature being what it is, the very fact of being called upon to condemn or countenance one's own workmanship cannot create a healthy outcome and less so when the outcome concerns the accused's denial of substantial rights.

*Id.* at 701, 25 C.M.R. at 205. *Renton* disqualified the judge, not on the ground that his action in drafting the charges for the investigating officer constituted him "a counsel," but because the particular action compromised his impartiality as a judge. The distinction between action as counsel and action inconsistent with the position of trial judge was more recently presented in *United States v. Willis, supra.* There, the Court held that not every "advisory consultation" between a criminal investigator and an attorney otherwise unconnected with the prosecutor's office constitutes prosecutorial action. *Id.* at 114, 46 C.M.R. at 114.

In *Renton*, defense counsel perceived the previous action by the judge as disqualifying and interposed a timely objection. Here, with full knowledge of the facts, both defense counsel and the accused personally refused to challenge the judge and expressed the desire that he continue in the case. Their evaluation of the substance and appearance of the situation is entitled to weighty consideration on this appeal. *United States v. Ryan*, 21 U.S.C.M.A. 9, 44

C.M.R. 63 (1971); *United States v. Haywood*, 150 U.S.App.D.C. 247, 464 F.2d 756 (1972). Further, in *Renton*, we noted that as draftsman of the charges, the judge was put into the position of condemning or countenancing "his own workmanship." In this case, the judge's advice dealt only with the practicality of a particular kind of lineup. Moreover, no evidence of any lineup and its results was introduced. It is apparent, therefore, that the judge was never put in the position of judging his own advice. Considering the substance of the pretrial discussion between the judge and the agent and the parties' view of the matter at trial, we are convinced that the judge had not so compromised his impartial status as to destroy the integrity of the trial. We conclude, therefore, that neither in actuality nor in appearance was the accused denied a fair trial. The decision of the United States Navy Court of Military Review is affirmed.

Judge PERRY, concurs.

FLETCHER, Chief Judge (concurring in the result):

I concur in the result reached in this case by the majority. See my dissent in *United States v. Head*, No. 31,689, 2 M.J. 131 (1977), where I state a belief that the matters I discussed therein should be considered in each case of this nature.