712

UNITED STATES

v.

**Airman Basic Mike E. BLACQUIERE,
FR 257–98–4108 United States
Air Force.**

**ACM 22583.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 25 July 1979.

Decided 14 Feb. 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain Wade B. Morrison.

Appellate Counsel for the United States: Colonel James P. Porter and Lieutenant Colonel William H. Seckinger, USAFR.

Before EARLY, POWELL and MAHONEY, Appellate Military Judges.

PER CURIAM:

Tried by general court-martial, military judge alone, the accused was convicted, pursuant to his pleas, of attempting to sell methaqualone, wrongfully using marijuana on four occasions, wrongfully transferring marijuana, and wrongfully transferring methamphetamine, in violation of Articles 80, 134 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 934, 892. The adjudged sentence of a dishonorable discharge, confinement at hard labor for 18 months and total forfeitures was reduced by the convening authority to a dishonorable discharge, confinement at hard labor for 12 months and total forfeitures.

Appellate defense counsel invite our attention to the seven errors asserted by the accused in his request for appellate representation and assign three additional errors.

■ The first three assignments concern the pretrial confinement hearing. Owing to the absence of the assigned base staff judge advocate, the base commander appointed a reserve judge advocate officer serving on active duty for training in the base legal office. This officer conducted a proper hearing on the matter and reported his recommendations to the base commander. We find no error prejudicial to the rights of the accused in either the appointment of the hearing officer or the manner in which the hearing was conducted. See Air Force Manual 111–1, Military Justice Guide, para 3–25 (8 October 1976).

■ Further, the hearing is attacked because the hearing officer limited cross-examination of a certain Government witness. The cross-examination described went into the matter of details of the commission of certain of the offenses charged. A pretrial confinement hearing is not to determine the guilt or innocence of the accused; what must be determined is whether there is probable cause to believe that the accused committed the offenses for which he is being held, and whether continued pretrial confinement is warranted under the criteria prescribed in the Manual for Courts-Martial, 1969 (Rev.). AFM 111–1, *supra.* It is not intended to be an adversary hearing. *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). The curtailment of cross-examination upon objection was a proper exercise of discretion by the hearing officer.

■ In the fourth assigned error it is alleged that pretrial confinement was not necessary to insure the accused's presence at trial or to prevent a threat to the community. The hearing officer made specific findings to the contrary, and we see no defect in those findings. No objection was made at trial concerning either the pretrial confinement or the pretrial confinement hearing. The trial court was the appropriate forum for litigating those matters. We hold that they may not now be raised for the first time on appeal.

In the next three assignments the accused asserts that the convening authority and the military judge erred in not directing a psychiatric examination of the accused and that the military judge erred in not admitting certain documents showing the denial of the convening authority. No evidence was offered to establish any mental defects of the accused. A mere assertion of some possible mental defect is not enough to require an inquiry into sanity. See *United States v. McMahon*, 4 M.J. 648 (A.F.C.M.R.1977) and cases cited therein. The question as to whether such an inquiry should be made is an interlocutory matter upon which the military judge makes the final ruling. *United States v. McMahon, supra*; Manual for Courts-Martial, 1969 (Rev.), paragraph 122*b*, change 1. Under the circumstances of this case, we find no abuse of discretion in his ruling.

We find no merit to appellate defense counsel's eighth assignment.

In the ninth assignment, appellate defense counsel contend that the specification of Charge I fails to state an offense. While the specification might be better drawn, it does state an offense, and, since the accused pleaded guilty and did not challenge the specification at trial, we find no indication that the accused was in any way misled as to the offense charged. Manual, *supra*, paragraph 67*b*. Further, during the searching providency inquiry, pursuant to *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), the military judge correctly enumerated the elements of attempt and of violation of a lawful general regulation and the accused affirmed his understanding of the offense to which he was pleading.

In the tenth assignment both appellate counsel agree that the military judge erred in considering Charge III as a two-year offense for sentencing purposes. We will cure this error by reassessment.

Appellate defense counsel also question the appropriateness of the imposed sentence. Our examination of the record as a whole indicates that the offenses of which the accused stands convicted as well as his prior history of misconduct and poor duty performance justify the sentence as approved by the convening authority.

Reassessing the sentence in light of the multipliciousness noted above, we find appropriate only so much as provides for a bad conduct discharge, confinement at hard labor for 12 months and forfeiture of $279.00 per month for 12 months.

The findings of guilty and the sentence, as modified, are

AFFIRMED.