## UNITED STATES

v.

**Sergeant Ronald J. TRAKOWSKI, FR 140–48–9272, United States Air Force.**

**ACM S24987.**

U. S. Air Force Court of Military Review.

4 March 1981.

Appellate Counsel for the Accused: Colonel Larry G. Stephens, Major Robert G. Gibson, Jr.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Richard O. Ely, II.

Before POWELL, MILES and MAHONEY, Appellate Military Judges.

## DECISION

MILES, Judge:

We hold that an officer who conducts a pretrial confinement hearing is disqualified, as an investigating officer, from appointment as trial counsel. Because no challenge was made to the trial counsel's qualifications and no prejudice was shown to the accused, we nonetheless affirm.[1]

Consistent with his pleas, the accused was convicted by a military judge, sitting as a special court-martial, of resisting apprehension, willful damage to military property, assault with a dangerous weapon and breach of restraint during correctional custody, violations of Articles 95, 108, 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 895, 908, 928, 934. The approved sentence extends to a bad conduct discharge, confinement at hard labor for four months and reduction to airman first class.

On 27 February 1980, the accused was undergoing correctional custody imposed by nonjudicial punishment under Article 15 of the Code, *supra*. He broke the restraint imposed by correctional custody, broke into his on-base quarters and assaulted his wife. He then resisted apprehension by security policemen who responded to his wife's plea for help.

After he was apprehended, his squadron commander ordered him into pretrial confinement. During the afternoon of 27 February, a pretrial confinement hearing was held by Captain William J. Hollmann, an assistant staff judge advocate.[2] On 28 February 1980, Captain Hollmann prepared a report of this hearing recommending continued pretrial confinement. On 29 February 1980, the base commander decided to retain the accused in pretrial confinement. Charges were preferred against the accused on 3 March 1980 and referred to a special court martial appointed that same day. Captain Hollmann was appointed trial counsel and another officer was appointed as assistant trial counsel. The trial was held on 26 March 1980.

At trial, the appointed defense counsel did not object to the accused's pretrial confinement or to Captain Hollmann's participation as trial counsel. Captain Hollmann advised the court he had not previously acted as investigating officer.[3] However, the appointed defense counsel was fully aware of the trial counsel's previous activity as pretrial confinement hearing officer.[4]

■ In essence, appellate defense counsel argue that an officer who conducts a pretrial confinement hearing is an investigating officer within the meaning of Article 27(a) of the Code, 10 U.S.C. § 827(a) *supra*. If this is true, and we agree it is, he can not properly be appointed or act as trial counsel. Article 27(a) of the Uniform Code of Military Justice provides, *inter alia*, "No person who has acted as investigating officer, military judge or court member in any case may act later as trial counsel, assistant trial counsel, or, unless expressly requested

---

1. Appellate Government counsel's Motions To File Affidavits, dated 28 October 1980 and 2 January 1981, are granted.

2. The staff judge advocate disqualified himself from conducting the hearing. Captain Hollmann, as the next senior judge advocate, then was duly appointed to conduct the hearing in accordance with Air Force Manual 111–1, Military Justice Guide, paragraph 3–25, 2 July 1973, Change 2 (8 October 1976).

3. Apparently, the trial counsel wrongly assumed that the term investigating officer only referred to an officer conducting an investigation under Article 32, Uniform Code of Military Justice.

4. The appointed defense counsel did not represent the accused at the pretrial hearing. However, he did confer at length before trial with Captain Hollmann about what occurred at the hearing.

by the accused, as defense counsel or assistant defense counsel in the same case." Ordinarily, one might assume that this term refers only to an officer who conducts a formal investigation under Article 32, Code, *supra*. However, the Manual for Courts-Martial, 1969 (Rev.), paragraph 64, specifically provides, *inter alia*,

> Within the meaning of . . . Articles 25(d)(2), 26(a) and *(27(a)*, the term *"investigating officer"* as applied to a particular offense, shall be understood to include a person who, under the provisions of 34 and Article 32, has investigated that offense or a closely related offense alleged to have been committed by the accused. The term also includes *any other person who . . . has conducted a personal investigation of a general matter involving the particular offense.* However, it does not include a person who, in the performance of his duties *as counsel,* has conducted an investigation of a particular offense or a closely related offense with a view to prosecuting or defending it before a court-martial. (emphasis added)

The term "investigating officer" as used in paragraph 64, MCM, *supra*, or its predecessor in the 1951 Manual for Courts-Martial, has thus been interpreted to include a variety of other officers conducting various inquiries.[5]

■ We must then examine the role of a pretrial confinement hearing officer to decide if he fits the description in paragraph 64, MCM, *supra*. Within the Air Force, the formal determination to continue pretrial confinement is normally made by the officer exercising special court-martial jurisdiction over the accused. That officer may, and customarily does, designate the staff judge advocate to conduct a hearing on the question. Air Force Manual 111–1, Military

Justice Guide, paragraph 3–25, 2 July 1973, Change 2 (8 October 1976). In any event, a decision to continue pretrial confinement requires a prompt hearing, unless waived by an accused. *Courtney v. Williams,* 1 M.J. 267 (C.M.A. 1976). On the basis of the hearing, it must be determined if there is probable cause to believe the accused committed the offense or offenses for which he is being held *and* if the accused should continue to be detained. *United States v. Malia,* 6 M.J. 65 (C.M.A.1978); *United States v. Heard,* 3 M.J. 14 (C.M.A. 1977); *Courtney v. Williams, supra.*

In our view, Captain Hollmann's conscientious conduct of accused's pretrial confinement hearing necessarily made him an investigating officer as that term is used in paragraph 64, MCM, *supra*. The report of the hearing clearly demonstrates this. He extensively interviewed, under oath, five witnesses who testified about the offenses committed by the accused as well as various background events. The accused did not testify. At the end of the hearing, Captain Hollmann prepared a comprehensive report. He concluded there was probable cause to believe the accused committed all of the offenses ultimately charged against him. He also concluded that the accused, for various specific reasons, should be confined pending trial.

We believe that any conscientious pretrial confinement hearing officer would, of necessity, have "conducted a personal investigation of a general matter involving the particular offense" so as to disqualify him from subsequently being a counsel at the court which tries those offenses. We therefore conclude it was error for Captain Hollmann to be appointed or act as trial counsel when those charges were referred for trial.

---

5. Many cases concerned disqualification, as court members, because the member was an investigating officer under paragraph 64, Manual for Courts-Martial, 1969 (Rev.). *See United States v. Burkhalter,* 17 U.S.C.M.A. 266, 38 C.M.R. 64 (1967) (investigation by information officer in order to answer press inquires); *United States v. Bound,* 1 U.S.C.M.A. 224, 2 C.M.R. 130 (1952) (initial investigation by security watch officer); *United States v. Strong,* 31 C.M.R. 629 (A.F.B.R. 1961) (inquiries by accused's commanding officer). Efforts to disqualify a trial counsel because of previous investigative activity, *as counsel,* have not been successful. *See United States v. Young,* 13 U.S.C.M.A. 134, 32 C.M.R. 134 (1962); *United States v. Stringer,* 4 U.S.C.M.A. 494, 16 C.M.R. 68 (1953); *United States v. Seale,* 27 C.M.R. 951 (A.F.B.R. 1958).

■ Since no objection was made by defense counsel, we conclude the accused was not materially prejudiced by the trial counsel's prior participation. Error in the appointment of trial counsel is not jurisdictional. *Wright v. United States*, 2 M.J. 9 (C.M.A.1976); *United States v. Blake*, 21 C.M.R. 809 (A.F.B.R. 1956). Ordinarily, failure to object to a trial counsel or court member's prior participation as investigating officer waives the issue. *United States v. Dyche*, 8 U.S.C.M.A. 430, 24 C.M.R. 240 (1957); *United States v. Chadwell*, 32 C.M.R. 673 (N.B.R. 1964), affirmed, 13 U.S. C.M.A. 361, 32 C.M.R. 361 (1962).

Moreover, the record also demonstrates, as appellate government counsel point out, an absence of prejudice to the accused. The accused did not testify at the pretrial hearing and there was thus no opportunity for unfair questions by one who might suspect he would later prosecute the accused. No witness at the pretrial hearing later testified at trial, and the accused pled guilty as charged. At trial, the role of the trial counsel was minimal since the assistant trial counsel primarily conducted the prosecution. Nonetheless, we do not condone or approve the appointment of pretrial confinement hearing officers as members of the prosecution. In our view, the appearance of evil and possible abuses which might flow from such an appointment are self-evident and must be avoided.

■ Appellate defense counsel also assert that the pretrial confinement of the accused was unlawful. We resolve this issue adversely to the accused.[6] *United States v. Rick*, 9 M.J. 776 (A.F.C.M.R.1980); *United States v. Blacquiere*, 9 M.J. 712 (A.F.C.M.R. 1980), pet. denied, 9 M.J. 177 (C.M.A.1980).

Accordingly, the findings of guilty and the sentence are

AFFIRMED.

POWELL, Senior Judge, and MAHONEY, Judge, concur.

6. See note 2, *supra*.