UNITED STATES, Appellee

v

PAUL K. HAYES, Second Lieutenant, U. S. Air Force, Appellant

7 USCMA 477, 22 CMR 267

No. 8545

Decided January 4, 1957

*Captain John H. Leonard* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel Stanley S. Butt* and *Frank B. McGregor, Esq.*

*Major Fred C. Vowell* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Francis P. Murray.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A general court-martial convicted the accused of a violation of Article 134, Uniform Code of Military Justice, 10 USC § 934, and sentenced him to dismissal, total forfeiture of pay and allowances, and confinement at hard labor for one and one-half years. Intermedi- ate appellate authorities affirmed the findings of guilty and the sentence. We granted review.

The question before us is whether individual counsel's timely objection to the prosecution of the case by the appointed trial counsel was properly overruled by the law officer. In substance

the objection was based upon a claim that the trial counsel was disqualified because of his previous connection with the case and his relationship to the appointed defense counsel. The factual background of this claim is as follows: Major A. R. Kuehl was the trial counsel of the court-martial appointed by the Commanding General of Flying Training Air Force, Waco, Texas. He was also the Staff Judge Advocate of the James Connally Air Force Base, at which place the court-martial was convened. The appointed defense counsel was First Lieutenant R. B. Dixon. Lieutenant Dixon, who was certified by The Judge Advocate General of the Air Force under the provisions of Article 27 (b), Uniform Code of Military Justice, 10 USC § 827, was assigned to Major Kuehl's office and worked under his supervision. In his capacity as staff judge advocate Major Kuehl advised the base commander in regard to the formulation of the charges against the accused. He also made recommendations for their disposition. Part of these included a recommendation for denial of "a request by the accused that he be permitted to resign," and that the charges be disposed of by trial by general court-martial.

We turn first to the effect of the appointment of a subordinate and his supervisory superior as defense and trial counsel respectively. Unquestionably, in certain circumstances the official relationship between the two might adversely affect the freedom of action of the subordinate and seriously circumscribe his professional judgment. See United States v Dean, 5 USCMA 44, 52–53, 17 CMR 44. In this case, however, the accused was represented by a civilian lawyer who was a member of the Bar of the State of Texas and a member of the Bar of this Court. True, Lieutenant Dixon was present at the trial as associate defense counsel. The burden of the defense, however, was assumed by civilian counsel. Nothing in the ordinary relationship between a staff judge advocate and a civilian attorney implies that the latter is fettered in any degree in the exercise of his duties as defense counsel. Consequently, the

possibility of any improper influence upon the conduct of the defense as a result of Major Kuehl's position as base staff judge advocate simply does not exist. Under these circumstances, we perceive no reasonable basis from which to conclude that the accused was prejudiced in his defense by the fact that the trial counsel also served as staff judge advocate to the base commander in connection with the disposition of the charges.

The second aspect of the accused's claim is that the trial counsel was disqualified from acting by the very fact of his position as legal advisor. No provision of the Uniform Code directly relates to this problem. Article 27 (a), 10 USC § 827, prohibits appointment of a person as trial counsel if he has acted as "investigating officer, law officer, or court member in any case," or has previously acted "in the same case" for the defense. See United States v Stringer, 4 USCMA 494, 16 CMR 68. None of these conditions existed in this case, but there is an intimation that Major Kuehl while acting as staff judge advocate advised the investigating officer in connection with the Article 32, 10 USC § 832, investigation. If such legal advice was given, it alone would not constitute the staff judge advocate an investigating officer. United States v DeAngelis, 3 USCMA 298, 12 CMR 54. Nevertheless, the accused maintains that Major Kuehl's dual role is forbidden by paragraph 44b of the Manual for Courts-Martial, United States, 1951. That paragraph provides as follows:

"b. Disqualification.—Whenever it appears to the court or to the trial counsel himself that any member of the prosecution named in the appointing order is for any reason, including misconduct, bias, prejudice, hostility, previous connection with a particular case, or lack of legal qualifications (for general courts-martial), disqualified or unable properly and promptly to perform his duties, a report of the facts will be made at once to the convening authority and appropriate action taken to insure

that the disqualified member shall not act for the prosecution."

A reading of the quoted paragraph in its natural sense emphasizes the fact that it does not define the basis for disqualification. It merely states that a person disqualified "for any reason" shall not act for the prosecution, and it lists a number of examples of disqualification. Included in the enumeration is "previous connection with a particular case." What is the meaning of this illustration? Does it mean that every possible earlier connection with the case is disqualifying?

In United States v Lee, 1 USCMA 212, 2 CMR 118, we held that trial counsel's previous connection with the case as the accuser did not disqualify him. We pointed out that in the civilian community the prosecuting attorney can file an information and prosecute the cause to conviction. Ibid, page 217. So, too, if the present trial was a rehearing, we hardly suppose it would be seriously contended that the trial counsel was disqualified because he had previously served as trial counsel at the former trial. Cf. Article 63(b), Uniform Code of Military Justice, 10 USC § 863. Clearly then, not every prior connection with a case is disqualifying.

Looking to the earlier role of the trial counsel here, we conclude that it was not so incompatible with his duties at the trial as to make him ineligible to serve. In a general way, the position of staff judge advocate can be likened to that of a district attorney. United States v Schuller, 5 USCMA 101, 106, 17 CMR 101. And by a similarly loose analogy, the official exercising court-martial authority can be equated to a grand jury. United States v Roberts, 7 USCMA 322, 326, 22 CMR 112. In essence, therefore, the advice of the staff judge advocate can be compared to the presentation of a complaint to the grand jury for its action. As such, the action is of the same character as that which we sanctioned in the Lee case.

The decision of the board of review is affirmed.

Judge FERGUSON concurs.

LATIMER, Judge (concurring):

I concur.

Because I believe the opinion only skirts the periphery of the critical question involved, I prefer to develop more fully one facet of the issue.

It is important to note that Article 27 of the Uniform Code, 10 USC § 827, does not disqualify a staff judge advocate who serves on the staff of an officer exercising special court-martial jurisdiction from acting as trial counsel before a general court-martial. In that Article, Congress specifically mentions only an investigating officer, law officer, or court member. However, that is only the beginning of a solution to the problem for paragraph 44b of the Manual appears at first blush to extend the disqualification to anyone having any previous connection with the particular case. It provides as follows:

"Whenever it appears to the court or to the trial counsel himself that any member of the prosecution named in the appointing order is for any reason, including misconduct, bias, prejudice, hostility, previous connection with a particular case, or lack of legal qualifications (for general courts-martial), disqualified or unable properly and promptly to perform his duties, a report of the facts will be made at once to the convening authority and appropriate action taken to insure that the disqualified member shall not act for the prosecution."

When consideration is given only to the phrase "previous connection with a particular case," something quite out of the ordinary in the wording chosen by the Manual draftsmen becomes apparent. The "previous connection" must be one which "appears to the court or to the trial counsel himself." This certainly suggests to me that when trial counsel is to be denied participation in a particular case because of his previous connection with it, the disqualification must be one of such importance as to be readily apparent. This in turn suggests that the disqualification must be one of those to

be found in the Code, for otherwise the term "previous connection" would be so broad, indefinite, and uncertain that it would include many trifling and perhaps inadvertent contacts within its folds. Most assuredly, those members of the court-martial charged with the task of its organization would be left to grope in the dark concerning the qualifications of the chief prosecutor if every previous incidental connection with some facet of the controversy prohibited him from representing the Government. I therefore believe the phrase must be interpreted in the light of the codal restrictions to escape a construction which would bring about an undesirable and unnecessarily complicated situation. If that is done, all provisions touching on the subject are consistent with each other, the Manual does not extend the scope of the Code, and the law in question is rendered workable, for the kind of participation which disqualifies is ascertainable with certainty.

I can test my interpretation by some hypothetical examples. Certainly an investigating officer must act before the trial of the case in a general court-martial, and he is one of the members who is disqualified by the Code and the quoted phrase. Again, according to Article 27 of the Code, any person who has acted for an accused is ineligible to act thereafter for the prosecution. A particular illustration of that disqualifying representation is found in paragraph 6a of the Manual, which states that a person who has acted for the accused at a pretrial investigation cannot serve the Government thereafter.

If I go one step further and assume that a rehearing has been granted, I find additional support for my interpretation. The above-mentioned Article of the Code prohibits a law officer, or a court member, from acting subsequently as trial counsel in the same case. I am sure no one would make the mistake of first acting as law officer and subsequently as trial counsel in the same hearing, for that is clearly forbidden. However, the term "in the same case" is broader than "same hearing," for, as that phrase is used, it prohibits anyone from acting as law officer in the original hearing and trial counsel in any subsequent rehearings.

For the foregoing reasons, it appears to me that when the framers of the Manual were considering the disqualifications which we now find set out in paragraph 44b, they first enumerated various ones such as misconduct, bias, prejudice, and hostility, and then reached a point where they sought to consolidate other legal disqualifications. In doing so, I do not believe they intended to add to the prohibitions found in the Code, but rather sought a catch-all phrase which would include properly all the statutory disqualifications mentioned therein. The phrase, "previous connection with a particular case," was selected for that purpose, and its scope should not be extended beyond the classes mentioned. When interpreted in that light, the Manual provision makes for orderly administration, yet precludes those officers who have served in one capacity from being detailed to another inconsistent assignment. Such a construction furnishes trial counsel and the court with the necessary guidepost to determine the legal question of qualification.