UNITED STATES, Appellant

v.

Willie A. BRADLEY, Seaman
U.S. Navy, Appellee

No. 09-5002

Crim. App. No. 200501089

United States Court of Appeals for the Armed Forces

Argued September 23, 2009

Decided January 20, 2010

STUCKY, J., delivered the opinion of the Court, in which ERDMANN and RYAN, JJ., joined. EFFRON, C.J., filed a separate opinion concurring in the result. BAKER, J., filed a dissenting opinion.


Counsel


For Appellant: Lieutenant Timothy H. Delgado, JAGC, USN (argued); Colonel Louis J. Puleo, USMC, and Brian K. Keller, Esq. (on brief).


For Appellee: Lieutenant Brian D. Korn, JAGC, USN (argued).


Military Judges: John W. Rolph and Christopher D. Connor


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

Judge STUCKY delivered the opinion of the Court.

The Judge Advocate General of the Navy certified two issues for review pursuant to Article 67(a)(2), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 867(a)(2) (2006). The certificate asks this Court to determine whether the United States Navy-Marine Corps Court of Criminal Appeals (CCA) erred by (1) finding that the military judge abused his discretion when he denied the defense motion to disqualify trial counsel from further participation in the case, and (2) setting aside the findings and sentence without finding that the trial counsels' continued participation in the case resulted in material prejudice to Appellee. This Court specified the additional issue of whether, through his unconditional guilty pleas, Appellee waived the ability to appeal the military judge's denial of his motion to disqualify trial counsel. We hold that Appellee's unconditional guilty plea waived his ability to appeal the military judge's denial of his motion to disqualify trial counsel as well as the motion to dismiss. We therefore do not reach the two certified issues.

I.

In the early morning of October 2, 2003, Appellee and three other sailors were involved in a drive-by shooting. Appellee and Master-at-Arms Second Class (MA2) Laprie D. Townsend fired gunshots from MA2 Townsend's vehicle at a Mitsubishi Galant

2

containing three other sailors.  One of the sailors in the Galant was struck by a bullet but survived the incident.

Appellee agreed to a pretrial agreement (PTA) the same day that charges were referred against him.  As part of the PTA, he agreed to testify against his co-actors in exchange for a grant of testimonial immunity.  In preparation for his testimony against MA2 Townsend, Appellee met five times with Lieutenant (LT) Carter D. Keeton, the assistant trial counsel in MA2 Townsend's court-martial.  Appellee subsequently testified on behalf of the prosecution in MA2 Townsend's court-martial.

After MA2 Townsend's court-martial, Appellee withdrew from his PTA and hired a civilian defense counsel.  LT Keeton was detailed as the lead trial counsel for the case.  Prior to trial, Appellee moved pursuant to Rule for Courts-Martial (R.C.M.) 907(b)(2) to dismiss the charges and specifications, arguing that the Government had made derivative use of his immunized statements and testimony.  The military judge conducted a hearing, pursuant to Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2006), in which both sides fully litigated the motion. The military judge denied the motion to dismiss.  During the Article 39(a), UCMJ, hearing, the civilian defense counsel also objected to LT Keeton's remaining as trial counsel because he had served as a witness during that hearing.  The military judge overruled the objection.

Following this denial, Appellee negotiated a new PTA and changed his pleas to guilty. During the providence inquiry, the following exchange took place:

MJ: I believe that Seaman Bradley's plea of guilty also means that he gives up his right to appeal the decision I made on his motion to dismiss.

Does the government agree with that?

TC: That is the government's understanding, sir.

CDC: We agree that the motion to dismiss has been waived. However, we don't believe that your -- the alternative relief we requested was denied, just facing the trial counsel has been waived.

MJ: I'm sorry, what is the other issue?

CDC: The other issue -- the alternative relief that we requested that you also denied was the trial counsel should not participate further in the case. We think that has not been waived.

MJ: So is Seaman Bradley entering a conditional guilty plea?

CDC: No, sir.

TC: Excuse me, sir.

MJ: Yes.

TC: I guess we'd like to hear why the defense believes that hasn't been waived. It seems like that it certainly would be pursuant to this [sic] guilty pleas if it's not a conditional plea. I guess we're just wondering what the reasoning is behind that and maybe we can, you know, try to figure out, you know, whether or not this is truly a conditional or unconditional plea if they feel like they haven't waived that right.

CDC: Because, sir, the Kastigar case was -- has been held to invalidate guilty pleas where prosecution was

4

initiated as a result of the use of the immunized testimony of an accused.

MJ: Yes, but I think that the Manual requires that if you wish to preserve any issue for appeal --

CDC: Any issue, sir? I don't think that's true.

MJ: That may be where you're right. Only certain issues need to be in the form of a conditional guilty plea. Is that your point?

CDC: Yes, sir. We have clearly waived the motion with respect to the motion to dismiss. I agree with that. But the alternative relief we requested, which was the further participation of the trial counsel, that does not depend upon your ruling. I mean, the further moving in this case and forward does not rely on your ruling. It's not -- I mean he can providently plead guilty if you're right about that. Trial counsel obviously is appropriately here. But I don't believe that we waive that.

MJ: But we are establishing for the record that --

CDC: It is an unconditional plea, sir.

MJ: -- it is an unconditional plea.

CDC: Yes, sir.

MJ: And only those issues that don't require a conditional plea would be preserved for appeal, correct?

CDC: Correct, sir.

After the providence inquiry, the military judge convicted Appellee of one specification of assault with a means likely to cause grievous bodily harm and one specification of reckless endangerment. Articles 128 and 134, UCMJ, 10 U.S.C. §§ 928, 934 (2006). The convening authority approved the military judge's

United States v. Bradley, No. 09-5002/NA

sentence of a dishonorable discharge and confinement for forty-eight months. The CCA set aside the findings and the sentence in an unpublished opinion. Despite Appellee's unconditional guilty plea, the CCA found that "a de facto conditional plea" existed as to the issue of LT Keeton's continued participation in the case. United States v. Bradley, No. NMCCA 200501089, 2008 CCA LEXIS 398, at *21, 2008 WL 5083894, at *7 (N-M. Ct. Crim. App. Nov. 25, 2008) (unpublished). After the CCA denied the Government's motion for reconsideration, the Judge Advocate General of the Navy certified the issues noted above for review.

II.

An unconditional plea of guilty waives all nonjurisdictional defects at earlier stages of the proceedings. United States v. Joseph, 11 M.J. 333, 335 (C.M.A. 1981); United States v. Lopez, 20 C.M.A. 76, 78, 42 C.M.R. 268, 270 (1970); United States v. Rehorn, 9 C.M.A. 487, 488-89, 26 C.M.R. 267, 268-69 (1958); United States v. Daughenbaugh, 549 F.3d 1010, 1012 (5th Cir. 2008); 2 Mark S. Rhodes, Orfield's Criminal Procedure Under the Federal Rules § 11:52 (2d ed. 1985 & Supp. 2009), and cases cited therein. R.C.M. 910(j) states "a plea of guilty which results in a finding of guilty waives any objection, whether or not previously raised, insofar as the objection relates to the factual issue of guilt of the offense(s) to which the plea was made."

6

United States v. Bradley, No. 09-5002/NA

R.C.M. 910(a)(2) provides for conditional guilty pleas as an exception to the general rule.  A conditional guilty plea is a creature of statute or regulation; there is no constitutional right to enter such a plea.  See United States v. Kuchinski, 469 F.3d 853, 858-59 (9th Cir. 2006) (concluding that the requirement that government consent to conditional plea is not an unconstitutional violation of the separation of powers); United States v. Davis, 900 F.2d 1524, 1526 (10th Cir. 1990); see also United States v. Forbes, 19 M.J. 953, 954 (A.F.C.M.R. 1985) (stating that the discretion of the government to consent and the military judge to approve a conditional plea "is not subject to challenge by an accused").  This being the case, it follows that compliance with the regulation is the sole means of entering a conditional plea and preserving the issue on appeal; such a plea cannot be implied.  Manual for Courts-Martial, United States, Analysis of the Rules for Courts-Martial at A21-60 (2008 ed.) [hereinafter R.C.M. Drafters' Analysis]; see United States v. Pierre, 120 F.3d 1153, 1156 (11th Cir. 1997) (stating that a conditional plea requires express government consent under Fed. R. Crim. P. 11(a)(2); silence or inaction cannot constitute consent).

Appellee's guilty plea was expressly unconditional. Nevertheless, the CCA determined that "the military judge's ambiguous advisement with regard to waiver, combined with the

civilian defense counsel's belief that the issue was preserved for appellate review, were material factors in [Appellee's] decision to plead guilty," and Appellee was "entitled to appellate review of his motion to dismiss." Bradley, 2008 CCA LEXIS 398, at *19-*20, 2008 WL 5083894, at *6. The CCA found that "a de facto conditional plea existed as to that issue, even though the trial counsel did not expressly consent to a conditional plea on the record." Id. at *21, 2008 WL 5083894, at *7 (citing United States v. Stewart, 20 C.M.A. 272, 274, 43 C.M.R. 112, 114 (1971)). The CCA then held that the military judge had "abused his discretion when he did not disqualify the prosecutors from further participation in the case and that their continued participation resulted in a Kastigar violation." Id. at *24, 2008 WL 5083894, at *8 (referring to United States v. Kastigar, 406 U.S. 441 (1972)).

Stewart was decided more than ten years before R.C.M. 910(a)(2) formally authorized conditional guilty pleas in 1984. Compare R.C.M. 910(a)(2) with Manual for Courts-Martial, United States para. 70 (1969 rev. ed.). More importantly, Stewart, and the very few similar pre-R.C.M. 910 cases, e.g., United States v. Williams, 41 C.M.R. 426 (A.C.M.R. 1969), are not authority for implying conditional pleas under the present regulatory regime. Rather, they evince a reluctance to impose waiver of appellate review in a system in which conditional pleas were

8

unavailable.  Whatever the possible merits of this approach may have been, the existence of the rule, and the availability of such pleas, obviate the need for it.  It is settled that compliance with R.C.M. 910(a)(2) is now the sole means for entering a conditional plea.  "There is no right to enter a conditional guilty plea.  The military judge and the Government each have complete discretion whether to permit or consent to a conditional guilty plea."  R.C.M. Drafters' Analysis app. 21 at A21-60 (emphasis added).  The CCA erred in concluding that there was a de facto conditional guilty plea.  Such a plea cannot be implied; it can only be manifested by compliance with the rule.  The record is clear that neither the Government nor the military judge consented to a conditional plea as required by R.C.M. 910(a)(2).  Consequently, Appellee's unconditional guilty plea waived both the motion to dismiss and the objection to LT Keeton's presence on the prosecution team.

While the waiver doctrine is not without limits, those limits are narrow and relate to situations in which, on its face, the prosecution may not constitutionally be maintained. United States v. Broce, 488 U.S. 563, 574-76 (1989) (double jeopardy); Menna v. New York, 423 U.S. 61, 61-63 (1975) (same). This is not such a situation, and the waiver doctrine therefore applies.

Nor does the application of the doctrine render Appellant's plea improvident.  It is settled that a guilty plea will not be rejected as improvident unless there is a substantial basis in law or fact for doing so.  United States v. Inabinette, 66 M.J. 320, 322 (C.A.A.F. 2008).  Here, Appellant, represented by experienced civilian defense counsel, explicitly entered an unconditional plea of guilty.  There is no allegation of ineffective assistance of counsel, or that Appellant (who was getting the benefits of a quite favorable pretrial agreement) did not understand what he was doing.  The possibility that he thought the issue relating to the disqualification of trial counsel would be preserved in the face of an unconditional guilty plea does not render that plea improvident.

### III.

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is set aside.  The record of trial shall be returned to the Judge Advocate General of the Navy for remand to the Court of Criminal Appeals for further review pursuant to Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2006).

United States v. Bradley, No. 09-5002/NA

EFFRON, Chief Judge (concurring in the result):

At trial, Appellee moved to dismiss the charges under Kastigar v. United States, 406 U.S. 441 (1972), contending that the trial counsel made improper use of Appellee's immunized testimony to prepare witnesses for trial. In the alternative, Appellee moved to disqualify the trial counsel on the grounds that the trial counsel's intimate involvement with Appellee's immunized statements made it impossible for the trial counsel to not use Appellee's immunized statements against him at trial. The military judge denied both motions. Appellee then entered a guilty plea.

On appeal, the Court of Criminal Appeals reversed, holding that the trial counsel should have been disqualified under Kastigar. United States v. Bradley, No. NMCCA 200501089, 2008 CCA LEXIS 398, at *21, *24, 2008 WL 5083894, at *7, *8 (N-M. Ct. Crim. App. Nov. 25, 2008) (unpublished). The certified and specified issues ask us to determine whether Appellee preserved appellate consideration of the military judge's ruling on the disqualification motion, and, if so, whether the military judge erred.

The majority concludes that Appellee waived the disqualification issue. On the basis of that conclusion, the majority holds that the Court of Criminal Appeals erred in

reaching the disqualification issue, and the majority remands the case for further proceedings before the lower court.

I respectfully disagree with the majority's conclusion that Appellee waived the disqualification issue.  For the reasons set forth below, I would conclude that:  (1) Appellee preserved the disqualification motion; (2) the military judge correctly denied that motion; (3) under these circumstances, we may reverse the decision of the court below dismissing the charges, and we may remand the case for completion of appellate review; and (4) the review upon remand should be limited to considering those issues, if any, that would remain in light of the military judge's proper ruling on the motion to dismiss.

Part I analyzes the conditional nature of Appellee's plea. Part II addresses the merits of Appellee's claim that the military judge erred by denying the disqualification motion. Part III considers the implications of waiver with respect to the providence of Appellee's plea.


## I.  THE PLEA COLLOQUY

Rule for Courts-Martial (R.C.M.) 910(a)(2) provides in pertinent part:

> With the approval of the military judge and
> consent of the Government, an accused may enter a
> conditional plea of guilty, reserving the right,
> on further review or appeal, to review of the

2

> adverse determination of any specified pretrial motion.

R.C.M. 910(j) provides that in the absence of a conditional plea:

> a plea of guilty which results in a finding of guilty waives any objection, whether or not previously raised, insofar as the objection relates to the factual issue of guilt of the offense(s) to which the plea was made.

During the plea colloquy, the defense expressly distinguished between the motion to disqualify trial counsel and the motion to dismiss the charge under Kastigar. The defense preserved appellate consideration of the disqualification motion and did not preserve appellate review of his Kastigar motion.

In the course of discussing the effect of Appellee's plea on appellate review, defense counsel expressly observed that the guilty plea would not waive the disqualification issue. Defense counsel noted that "the alternative relief we requested, which was the further participation of the trial counsel, . . . does not depend upon your ruling." Defense counsel added: "I don't believe that we waive that." In response to defense counsel's argument that Appellee's disqualification motion would be preserved on appeal under any type of plea, the military judge stated: "That may be where you're right. Only certain issues need to be in the form of a conditional plea."

After requesting clarification of the defense position on waiver, the prosecution offered no objection to the defense counsel's repeated assertion that the plea would not waive the disqualification issue, nor did the prosecution assert that the military judge erred in indicating agreement with the defense view.  In that posture, the prosecution's position reflected consent to the conditional nature of the plea.  See United States v. Carroll, No. NMCM 95 02201, 1996 CCA LEXIS 525, at *8 n.2, 1996 WL 927743, at *3 n.2 (N-M. Ct. Crim. App. Dec. 23, 1996) (unpublished) (finding trial counsel's failure to object to military judge's improper advisement to accused regarding waiver was sufficient consent for a conditional plea).

To the extent that the record reflects any ambiguity as to the military judge's approval and the prosecution's consent with respect to the conditional nature of the plea, the responsibility for any lack of clarity rests with the military judge and the prosecution, not the defense.  In that regard, it is noteworthy that the Government in the present appeal agrees with the defense that Appellee's guilty plea at trial did not waive appellate consideration of the disqualification issue. Brief for Appellant at 6-9, United States v. Bradley, __ M.J. __ (C.A.A.F. 2010) (No. 09-5002/NA).

The defense, by contrast, did not preserve the separate motion to dismiss under Kastigar.  At one point in the colloquy,

4

defense counsel referred to the plea as "unconditional," a term that does not appear in the applicable rule. See R.C.M. 910 (listing guilty and not guilty pleas with or without exceptions, substitutions, and other variations regarding lesser included offenses; conditional pleas; and irregular pleas). The military judge offered the following observation: "those issues that don't require a conditional plea would be preserved for appeal, correct?" Defense counsel answered: "Correct, sir."

The military judge asked whether Appellee's guilty plea would waive appellate consideration of the defense motion to dismiss based upon Kastigar: "So, Seaman Bradley, let me just confirm that you understand that by your plea of guilty you also give up your right to appeal the decision I made on your motion to dismiss. Do you understand that?" Appellee responded, "Yes, sir."

The majority concludes that the references in the record to an "unconditional" plea establish that the plea waived appellate consideration of disqualification. The majority observes, and I agree, that "compliance with R.C.M. 910(a)(2) is now the sole means for entering a conditional plea." Bradley, __ M.J. at __ (9). R.C.M. 910(a)(2), however, does not refer to an "unconditional" plea, and the rule does not require an accused to invoke the word "condition," or "conditional," or any other formal incantation to preserve appellate consideration of an

issue.  The rule does not even require the defense to reduce the condition to a written submission -- in contrast to the former version of the rule and Federal Rule of Criminal Procedure 11.  See R.C.M. 910(a)(2) (1984) (requiring condition be placed in writing); Fed. R. Crim. P. 11(a)(2) (requiring same).  The rule requires nothing more than what we have in the present case.  The defense placed a condition on his plea -- the preservation of his disqualification claim -- and the military judge indicated agreement with that position.  The Government did not assert at trial, and does not contend on appeal, that the issue was waived.  In that context, we should address the lower court's ruling on the merits of the military judge's decision to deny Appellee's disqualification motion.

## II.  THE RULING BY THE MILITARY JUDGE
## ON THE MOTION TO DISQUALIFY TRIAL COUNSEL

The military judge denied Appellee's motion to disqualify trial counsel.  The Court of Criminal Appeals relied on Kastigar as authority for ruling that the military judge erred in denying the disqualification motion.  Bradley, 2008 CCA LEXIS 398, at *24, 2008 WL 5083894, at *8.  Kastigar, however, addresses the question of whether charges should be dismissed, not whether counsel should be disqualified.  Even where dismissal of charges is warranted under Kastigar, a prosecutor is not disqualified

from participating in future proceedings if the subsequent charges are based upon evidence wholly independent from the evidence constituting a Kastigar violation.  See, e.g., United States v. Palumbo, 897 F.2d 245, 251-52 (7th Cir. 1990) (dismissing indictment for the government's failure to meet Kastigar burden but allowing prosecutor to participate in future prosecution based on wholly independent evidence).

In the present case, the record establishes that Appellee's plea waived appellate consideration of his motion to dismiss under Kastigar.  In that posture, his claim on appeal does not arise under Kastigar but instead may be viewed as a typical motion to disqualify trial counsel.  Although a military judge has the discretion to disqualify trial counsel for violating an ethical standard, see, e.g., United States v. Humpherys, 57 M.J. 83, 88 (C.A.A.F. 2002), Appellee has not demonstrated that trial counsel violated an ethical standard requiring disqualification. The military judge did not abuse his discretion in denying the disqualification motion, and the lower court erred in setting aside the findings and sentence.  In that posture, I agree with the majority that a remand to the lower court is warranted for completion of appellate review.

### III. THE PROVIDENCE OF APPELLEE'S PLEA

The issues certified by the Judge Advocate General and specified by the Court did not address the providence of Appellee's pleas. A number of courts have held that a plea should be vacated if the defendant reasonably believed it was conditional but in fact waived issues the defendant intended to preserve. See, e.g., United States v. Pierre, 120 F.3d 1153, 1157 (11th Cir. 1997); United States v. Carrasco, 786 F.2d 1452, 1454-55 (9th Cir. 1986) (vacating and remanding for new plea because defendant reasonably believed that pretrial issues would not be waived by guilty plea). In the military justice system, an accused's "misunderstanding as to a material term" in a plea agreement invalidates a plea. United States v. Smith, 56 M.J. 271, 273 (C.A.A.F. 2002).

In the present case, defense counsel stated during the plea inquiry that the disqualification issue would be preserved notwithstanding Appellee's guilty plea. The military judge indicated agreement, responding: "That may be where you're right." Immediately following the plea exchange, the military judge confirmed that Appellee understood he would waive the motion to dismiss. But the military judge did not make any further inquiry regarding Appellee's understanding as to whether a guilty plea would waive the disqualification motion as well. In light of the majority's conclusion that Appellee waived his

8

disqualification claim, the Court of Criminal Appeals will need to determine whether he did so while believing he preserved that claim for appeal; and, if so, whether his action represented a material misunderstanding of his plea.

United States v. Bradley, No. 09-5002/NA

BAKER, Judge (dissenting):

The Court goes fishing for waiver and catches it. There are at least three problems with this approach.

First, Appellee did not unconditionally waive his motion to remove trial counsel. To the contrary, he waived his Kastigar[1] motion and preserved the motion to remove trial counsel. The military judge, the Government, Appellee, and the Court of Criminal Appeals all understood this to be the case.

Second, even if Appellee unconditionally pleaded guilty, Rule for Courts-Martial (R.C.M.) 910(j), the rule on which the majority relies, only reaches objections which are "relate[d] to the factual issue of guilt." If R.C.M. 910(j) reaches beyond its plain text to cover motions to remove the majority does not say so nor indicate how.

Third, because this Court has found waiver where none exists, Appellee's plea is improvident since it was conditioned on Appellee's understanding that his motion to remove trial counsel was preserved for appeal. The Court of Criminal Appeals concluded "that the military judge's ambiguous advisement with regard to waiver, combined with the civilian defense counsel's belief that the issue was preserved for appellate review, were material factors in the Appellee's decision to plead guilty." United States v. Bradley, No. NMCCA 200501089, 2008 CCA LEXIS

---

[1] United States v. Kastigar, 406 U.S. 441 (1972).

398, at *19-*20, 2008 WL 5083894, at *6 (N-M. Ct. Crim. App. Nov. 25, 2008). The Government concedes this point as well: "if the Government successfully argues that Appellee waived review of the disqualification-of-Trial-Counsel issue, then Appellee's pleas become improvident and a rehearing is required." Nonetheless, this Court's apparent concern about appellate delay notwithstanding, the majority declines to find Appellee's plea improvident.

Discussion

This case revolves around the colloquy between the military judge and defense counsel:

> MJ: I believe that Seaman Bradley's plea of guilty also means that he gives up his right to appeal the decision I made on his motion to dismiss.
>
> Does the government agree with that?
>
> TC: That is the government's understanding, sir.
>
> CDC: We agree that the motion to dismiss has been waived. However, we don't believe that your -- the alternative relief we requested was denied, just facing the trial counsel has been waived.
>
> MJ: I'm sorry, what is the other issue?
>
> CDC: The other issue -- the alternative relief that we requested that you also denied was the trial counsel should not participate further in the case. We think that has not been waived.
>
> MJ: So is Seaman Bradley entering a conditional guilty plea?
>
> CDC: No, sir.

TC:  Excuse me, sir.

MJ:  Yes.

TC:  I guess we'd like to hear why the defense believes that hasn't been waived.  It seems like that it certainly would be pursuant to this guilty pleas [sic] if it's not a conditional plea.  I guess we're just wondering what the reasoning is behind that and maybe we can, you know, try to figure out, you know, whether or not this is truly a conditional or unconditional plea if they feel like they haven't waived that right.

CDC:  Because, sir, the Kastigar case was -- has been held to invalidate guilty pleas where prosecution was initiated as a result of the use of the immunized testimony of an accused.

MJ:  Yes, but I think that the Manual requires that if you wish to preserve any issue for appeal --

CDC:  Any issue, sir?  I don't think that's true.

MJ:  That may be where you're right.  Only certain issues need to be in the form of a conditional guilty plea.  Is that your point?

CDC:  Yes, sir.  We have clearly waived the motion with respect to the motion to dismiss.  I agree with that.  But the alternative relief we requested, which was the further participation of the trial counsel, that does not depend upon your ruling.  I mean, . . . moving . . . forward does not rely on your ruling.  It's not -- I mean he can providently plead guilty if you're right about that.  Trial counsel obviously is appropriately here.  But I don't believe that we waive that.

MJ:  But we are establishing for the record that --

CDC:  It is an unconditional plea, sir.

MJ:  -- it is an unconditional plea.

CDC:  Yes, sir.

> MJ: And only those issues that don't require a conditional plea would be preserved for appeal, correct?
>
> CDC: Correct, sir.
>
> MJ: Okay. So, Seaman Bradley, <u>let me just confirm that you understand that by your plea of guilty you also give up your right to appeal the decision I made on your motion to dismiss</u>.
>
> Do you understand that?

Emphasis added.

The majority concludes that "Appellee's unconditional guilty plea waived both the motion to dismiss and the objection to [trial counsel's] presence on the prosecution team." <u>United States v. Bradley</u>, __ M.J. __ (9) (C.A.A.F. 2010). This is accurate regarding the motion to dismiss. It is not with respect to the defense request to remove the trial counsel. The problem here is that while the majority describes the nature of an unconditional plea and appropriately eschews the notion of an implied or de facto conditional plea, it fails to explain how or why the defense motion to remove trial counsel was waived.

It is clear defense counsel understood the distinction between a conditional and an unconditional plea and the consequences for entering one as opposed to the other. It is just as clear from the colloquy that defense counsel understood that R.C.M. 910(j) applies to an objection that "relates to the factual issue of guilt of the offense(s) to which the plea was

made."  It is not clear why or how a motion to remove trial counsel relates to the issue of guilt, beyond the general point that all procedures at trial ultimately relate to the question of guilt or innocence.

The motion to remove was the issue squarely before the military judge.  The military judge's response -- "That may be where you're right" -- suggests that counsel may have had a better understanding of the law than the military judge.  In any event, the military judge subsequently confirmed with Appellee their mutual understanding that Appellee was waiving the ruling on the motion to dismiss.  There was no mention of the motion to remove trial counsel.  As a result, the lower court stated, "[w]ithout ever resolving the waiver question with respect to the denial of the motion to remove the trial counsel from the case, the military judge accepted the Appellee's guilty pleas." Bradley, 2008 CCA LEXIS 398, at *17-*18, 2008 WL 5083894, at *6. Thus, the record indicates that the military judge, the accused and defense counsel proceeded with the understanding that the motion to remove trial counsel had been preserved.  Is it, therefore, the majority's view that what the military judge says or does in applying R.C.M. 910(j) is not relevant at all?

If defense counsel held an erroneous view of the law regarding R.C.M. 910(j), the Court should say so and indicate why.  However, in my view defense counsel, the military judge,

the Court of Criminal Appeals, and the Government on appeal got it right.  The request for removal of trial counsel did not relate to the factual issue of guilt within the meaning of the rule.  Although related, the motion to dismiss and the request to remove trial counsel were two separate issues and they were treated as such during the plea inquiry.  The motion to dismiss was based on Kastigar, 406 U.S. 441, and related to evidentiary problems for the Government that, according to defense counsel, resulted from improper use of his client's immunized statements.

In contrast, the motion to remove trial counsel, from defense counsel's perspective, was not integral to the motion to dismiss.  This is reflected in the request for alternative relief by defense counsel which suggests, from his perspective, that even if trial counsel's conduct had not amounted to a Kastigar violation, the prosecutor acted in a manner "incompatible with his duties at the trial as to make him ineligible."  See United States v. Hayes, 7 C.M.A. 477, 478, 22 C.M.R. 267, 268 (1957).  Regardless whether or not Appellee would have prevailed on this argument, he had the right to have the issue addressed on appeal by this Court.

Having searched for waiver and discovered it, the majority is confronted with a plea that was conditioned on an understanding that the defense motion to remove trial counsel was preserved.  Appellee proceeded with his guilty plea with the

6

understanding that he was not waiving the request for alternative relief. As a result, the Government conceded in this court that if waiver is found, then Appellee's pleas were improvident. The Court of Criminal Appeals reached the same conclusion stating, "Civilian defense counsel's belief that the issue was preserved for appellate review, [was a] material factor[] in the Appellee's decision to plead guilty." Bradley, 2008 CCA LEXIS 398, at *20, 2008 WL 5083894, at *6. Nonetheless, the majority suggests that since Appellee had competent counsel and a favorable plea agreement, there is no substantial basis to set aside his plea. As the Chief Judge has indicated in his separate opinion, there is legal support for the view that Appellee's apparently now mistaken belief that his objection was preserved for review was enough to set aside the plea in this case. Given this Court's expressed concern for appellate delay, hopefully the Government and the Court of Criminal Appeals will promptly remedy this omission and return the parties to their status quo ante.

In summary, the record in this case does not support the conclusion that Appellee waived his request for removal of trial counsel. In light of the majority's conclusion that his motion was waived, Appellee's plea was not knowingly entered. As a result, I respectfully dissent.

7