BAKER, Judge
(dissenting):
The Court goes fishing for waiver and catches it. There are at least three problems with this approach.
First, Appellee did not unconditionally waive his motion to remove trial counsel. To the contrary, he waived his Kastigar[1] motion and preserved the motion to remove trial counsel. The military judge, the Government, Appellee, and the Court of Criminal Appeals all understood this to be the case.
*286 Second, even if Appellee unconditionally pleaded guilty, Rule for Courts-Martial (R.C.M.) 910©, the rule on which the majority relies, only reaches objections which are “relate[d] to the factual issue of guilt.” If R.C.M. 910© reaches beyond its plain text to cover motions to remove the majority does not say so nor indicate how.
Third, because this Court has found waiver where none exists, Appellee’s plea is improvident since it was conditioned on Appellee’s understanding that his motion to remove trial counsel was preserved for appeal. The Court of Criminal Appeals concluded “that the military judge’s ambiguous advisement with regard to waiver, combined with the civilian defense counsel’s belief that the issue was preserved for appellate review, were material factors in the Appellee’s decision to plead guilty.” United States v. Bradley, No. NMCCA 200501089, 2008 CCA LEXIS 398, at *19-*20, 2008 WL 5083894, at *6 (N.M.Ct. Crim.App. Nov. 25, 2008). The Government concedes this point as well: “if the Government successfully argues that Appellee waived review of the disqualification-of-Trial-Counsel issue, then Appellee’s pleas become improvident and a rehearing is required.” Nonetheless, this Court’s apparent concern about appellate delay notwithstanding, the majority declines to find Appellee’s plea improvident.

Discussion

This case revolves around the colloquy between the military judge and defense counsel:
MJ: I believe that Seaman Bradley’s plea of guilty also means that he gives up his right to appeal the decision I made on his motion to dismiss.
Does the government agree with that?
TC: That is the government’s understanding, sir.
CDC: We agree that the motion to dismiss has been waived. However, we don’t believe that your — the alternative relief we requested was denied, just facing the trial counsel has been waived.
MJ: I’m sorry, what is the other issue? CDC: The other issue — the alternative relief that we requested that you also denied was the trial counsel should not participate further in the case. We think that has not been waived.
MJ: So is Seaman Bradley entering a conditional guilty plea?
CDC: No, sir.
TC: Excuse me, sir.
MJ: Yes.
TC: I guess we’d like to hear why the defense believes that hasn’t been waived. It seems like that it certainly would be pursuant to this guilty pleas [sic] if it’s not a conditional plea. I guess we’re just wondering what the reasoning is behind that and maybe we can, you know, try to figure out, you know, whether or not this is truly a conditional or unconditional plea if they feel like they haven’t waived that right.
CDC: Because, sir, the Kastigar case was — has been held to invalidate guilty pleas where prosecution was initiated as a result of the use of the immunized testimony of an accused.
MJ: Yes, but I think that the Manual requires that if you wish to preserve any issue for appeal—
CDC: Any issue, sir? I don’t think that’s true.
MJ: That may be where you’re right. Only certain issues need to be in the form of a conditional guilty plea. Is that your point?
CDC: Yes, sir. We have clearly waived the motion with respect to the motion to dismiss. I agree with that. But the alternative relief we requested, which was the further participation of the trial counsel, that does not depend upon your ruling. I mean, ... moving ... forward does not rely on your ruling. It’s not — I mean he can providently plead guilty if you’re right about that. Trial counsel obviously is appropriately here. But I don’t believe that we waive that.
MJ: But we are establishing for the record that—
CDC: It is an unconditional plea, sir.
MJ: —it is an unconditional plea.
CDC: Yes, sir.
*287 MJ: And only those issues that don’t require a conditional plea would be preserved for appeal, correct?
CDC: Correct, sir.
MJ: Okay. So, Seaman Bradley, let me just confirm that you understand that by your plea of guilty you also give up your right to appeal the decision I made on your motion to dismiss.
Do you understand that?
Emphasis added.
The majority concludes that “Appellee’s unconditional guilty plea waived both the motion to dismiss and the objection to [trial counsel’s] presence on the prosecution team.” United States v. Bradley, 68 M.J. at 282 (C.A.A.F.2010). This is accurate regarding the motion to dismiss. It is not with respect to the defense request to remove the trial counsel. The problem here is that while the majority describes the nature of an unconditional plea and appropriately eschews the notion of an implied or de facto conditional plea, it fails to explain how or why the defense motion to remove trial counsel was waived.
It is clear defense counsel understood the distinction between a conditional and an unconditional plea and the consequences for entering one as opposed to the other. It is just as clear from the colloquy that defense counsel understood that R.C.M. 910(j) applies to an objection that “relates to the factual issue of guilt of the offense(s) to which the plea was made.” It is not clear why or how a motion to remove trial counsel relates to the issue of guilt, beyond the general point that all procedures at trial ultimately relate to the question of guilt or innocence.
The motion to remove was the issue squarely before the military judge. The military judge’s response — “That may be where you’re right”- — suggests that counsel may have had a better understanding of the law than the military judge. In any event, the military judge subsequently confirmed with Appellee their mutual understanding that Appellee was waiving the ruling on the motion to dismiss. There was no mention of the motion to remove trial counsel. As a result, the lower court stated, “[w]ithout ever resolving the waiver question with respect to the denial of the motion to remove the trial counsel from the case, the military judge accepted the Appellee’s guilty pleas.” Bradley, 2008 CCA LEXIS 398, at *17-*18, 2008 WL 5083894, at *6. Thus, the record indicates that the military judge, the accused and defense counsel proceeded with the understanding that the motion to remove trial counsel had been preserved. Is it, therefore, the majority’s view that what the military judge says or does in applying R.C.M. 910(j) is not relevant at all?
If defense counsel held an erroneous view of the law regarding R.C.M. 910(j), the Court should say so and indicate why. However, in my view defense counsel, the military judge, the Court of Criminal Appeals, and the Government on appeal got it right. The request for removal of trial counsel did not relate to the factual issue of guilt within the meaning of the rule. Although related, the motion to dismiss and the request to remove trial counsel were two separate issues and they were treated as such during the plea inquiry. The motion to dismiss was based on Kastigar, 406 U.S. 441, 92 S.Ct. 1653, and related to evi-dentiary problems for the Government that, according to defense counsel, resulted from improper use of his client’s immunized statements.
In contrast, the motion to remove trial counsel, from defense counsel’s perspective, was not integral to the motion to dismiss. This is reflected in the request for alternative relief by defense counsel which suggests, from his perspective, that even if trial counsel’s conduct had not amounted to a Kastigar violation, the prosecutor acted in a manner “incompatible with his duties at the trial as to make him ineligible.” See United States v. Hayes, 7 C.M.A. 477, 478, 22 C.M.R. 267, 268 (1957). Regardless whether or not Ap-pellee would have prevailed on this argument, he had the right to have the issue addressed on appeal by this Court.
Having searched for waiver and discovered it, the majority is confronted with a plea that was conditioned on an understanding that the defense motion to remove trial counsel was preserved. Appellee proceeded with his *288 guilty plea with the understanding that he was not waiving the request for alternative relief. As a result, the Government conceded in this court that if waiver is found, then Appellee’s pleas were improvident. The Court of Criminal Appeals reached the same conclusion stating, “Civilian defense counsel’s belief that the issue was preserved for appellate review, [was a] material factor[ ] in the Appellee’s decision to plead guilty.” Bradley, 2008 CCA LEXIS 398, at *20, 2008 WL 5083894, at *6. Nonetheless, the majority suggests that since Appellee had competent counsel and a favorable plea agreement, there is no substantial basis to set aside his plea. As the Chief Judge has indicated in his separate opinion, there is legal support for the view that Appellee’s apparently now mistaken belief that his objection was preserved for review was enough to set aside the plea in this case. Given this Court’s expressed concern for appellate delay, hopefully the Government and the Court of Criminal Appeals will promptly remedy this omission and return the parties to their status quo ante.
In summary, the record in this case does not support the conclusion that Appellee waived his request for removal of trial counsel. In light of the majority’s conclusion that his motion was waived, Appellee’s plea was not knowingly entered. As a result, I respectfully dissent.

. Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653 (1972).